United States District Court
Southern District of Texas

**ENTERED**

May 02, 2025

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Eric Springstun | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-24-4044 |
| | § | |
| American International | § | |
| Group, Inc. | § | |
| *Defendant.* | § | |

### MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 8. Pending before the court are: Defendant's Motion to Dismiss, ECF No. 4; Plaintiff's Motion to Remand, ECF No. 7, and Amended Motion to Remand, ECF No. 14; and Plaintiff's Motion to Strike, ECF No. 18.

The court recommends that Defendant's Motion to Dismiss, ECF No. 4, be **GRANTED** and Plaintiff's Motions to Remand, ECF Nos. 7 and 14, be **DENIED**. Plaintiff's Motion to Strike, ECF No. 18, is **DENIED**.

### 1. Background

Plaintiff, Eric Springstun, proceeding pro se, filed suit in Texas state court against American International Group, Inc. (AIG). ECF No. 1-2. AIG removed the case to federal court based on diversity jurisdiction and filed a Motion to Dismiss. ECF Nos. 1, 4. Springstun then filed two motions to remand. ECF Nos. 7, 14.

Springstun alleges that the The Wharf at Clear Lake Slip Maintenance Association, Inc. (the Wharf) and its board members committed various torts against Springstun. *Id.* at 2, 5–8. Springstun alleges that the Wharf is insured by Western World

Insurance Group (Western World), and that AIG is Western World's parent company. *Id.* at 1–2. Springstun states that he seeks to hold AIG accountable for unlawful harm caused by the Wharf. *Id.* at 2. Springstun's claims are for breach of contract, defamation/libel, harassment, intentional infliction of emotional distress, negligence, breach of fiduciary duty, violations of the Texas Deceptive Trade Practices Act (DTPA), and violations of the Texas Insurance Code.

Springstun provides many details about actions taken by the Wharf and its board members, which do not materially affect the court's analysis. Key to the instant motion to dismiss, Springstun alleges that the Wharf's wrongful actions are covered under the insurance policy between the Wharf and Western World, and that AIG wrongfully failed to process and pay Springstun's insurance claims. ECF No. 1-2 at 2–4, 6, 8, 10. Springstun claims that AIG failed to make a good faith settlement effort, failed to honor the insurance policy, and handled his insurance claims in bad faith. *Id.* at 3, 10. Springstun does not allege that he is an insured under the policy. Springstun also does not allege that AIG is a party to the insurance contract, which is between Western World and the Wharf, but argues that AIG handled the claim's management, and thus should be liable under the policy under theories of agency and estoppel.

Springstun also does not allege that AIG committed the underlying torts that caused his insurance claim to arise. That is, Springstun does not allege that AIG harassed him, made defamatory statements about him, or was negligent. Rather, Springstun is clear that those acts were committed by the Wharf and its board members. *Id.* at 2–4, 6, 8, 11, 16 (detailing acts by the Wharf and clearly stating that Springstun seeks to recover based on "tortious behavior by the Defendant's insured").

2

### 2. *Motion to Strike*

On November 21, 2024, AIG filed a document, ECF No. 17, which is a reply in support of its Motion to Dismiss and a response to Springstun's Amended Motion to Remand. Springstun filed a Motion to Strike AIG's responsive document, ECF No. 17, and argues that AIG failed to serve the document in a timely manner. ECF No. 18 at 1–3. According to Springstun, AIG served the document on Springstun on December 2, 2024, eleven days after its filing. *Id.* at 2. Springstun argues that the eleven-day delay violates the Federal Rules of Civil Procedure and prejudiced him by prohibiting him from filing a timely reply. *Id.* at 5.

A document is served by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2). The certificate of service states that AIG sent Springstun a copy of the document via certified mail on the day it was filed. ECF No. 17 at 16. Springstun did not file a reply in support of his Motion to Remand, nor did he ask for extended time to file a such a reply. Springstun nonetheless filed a surreply opposing AIG's Motion to Dismiss on December 12, 2024. ECF No. 20 ("[Springstun's] Supplemental Response to Defendant's Motion to Dismiss"). If there was any error, Springstun was not harmed by it. Springstun's Motion to Strike is denied.

### 3. *Motion to Remand*

Springstun filed two Motions to Remand, ECF Nos. 7 and 14. A defendant may remove a civil action from state court if the federal courts would have had original jurisdiction had the action been filed in federal court. 28 U.S.C. § 1441(a); *In re Deepwater Horizon*, 745 F.3d 157, 162 (5th Cir. 2014). "Removal is a three-step process that "requires a removing party to (1) file the notice of removal in the federal court; (2) give written notice to all adverse parties; and (3) file a copy of the notice with the clerk of the state

3

court." *Watkins v. Salem Carriers Inc.*, No. 19-2252, 2020 WL
3420975, at *2 (N.D. Tex. May 12, 2020), *R. & R. adopted*, 2020
WL 3415801 (N.D. Tex. June 22, 2020).

In both motions, Springstun argues that AIG did not meet
the second requirement for written notice to all adverse parties.
ECF No. 14 at 2, 4; ECF No. 7 at 2–4. According to Springstun,
AIG failed to serve its Notice of Removal on Springstun, and thus,
the removal was procedurally defective, and the case must be
remanded. ECF No. 14 at 1. Springstun points out that service by
email is only permitted if the party being served has expressly
consented to service via email.[1] *Id.* at 2–3 (citing Fed. R. Civ.
P. 5(b)).

"Promptly after the filing of [a] notice of removal of a civil
action," a state-court defendant "shall give written notice thereof
to all adverse parties." 28 U.S.C. § 1446(d). Several courts have
held that section 1446(d) does not require "formal" or "personal"
service of the notice of removal, it merely requires a good faith
effort to provide written notice to the plaintiff, absent any
prejudice to plaintiff. *Busby v. Capital One, N.A.*, 759 F. Supp.
2d 81, 85–86 (D.D.C. 2011); *Russell v. Bac Home Loans Servicing,
L.P.*, No. 14-480, 2015 WL 11545023, at *5 (W.D. Tex. Mar. 11,
2015); *Parkinson v. City of New York*, No. 21-4113, 2021 WL
5323294, at *3–4 (S.D.N.Y. Oct. 20, 2021); *Runaj v. Wells Fargo
Bank*, 667 F. Supp. 2d 1199, 1202 (S.D. Cal. 2009); *Alston v. Sofa
Exp., Inc.*, No. 06-CV-491, 2006 WL 3331685, at *2–3 (S.D. Ohio
Nov. 15, 2006).

---

[1] Springstun also cites to *Parker v. Malone*, 2011 WL 3793347 (S.D. Miss. Aug. 25, 2011), to
support his argument. The court cannot locate *Parker v. Malone*. AIG was also unable to
locate the *Parker v. Malone* case. ECF No. 17 at 6. The other case that Springstun provides
to support his argument, *Hampton v. Union Pac. R. Co.*, 81 F. Supp. 2d 703 (E.D. Tex. 1999),
is not instructive.

4

AIG filed its Notice of Removal in federal court on October 21, 2024. ECF No. 1. The Certificate of Service attached to AIG's Notice of Removal states that AIG sent a copy of the Notice to two of Springstun's email addresses that same day. *Id.* at 4. The court also sent the Notice of Removal to Springstun's physical mailing address. ECF No. 1. AIG states, and Springstun does not dispute, that AIG concurrently filed its Notice of Removal in state court. ECF No. 17 at 5; ECF No. 14 at 3–4.

It is clear that Springstun received notice of the removal within the thirty-day deadline for objecting to removal, *see* 28 U.S.C. § 1447(c), because he filed a Motion to Remand on November 7, 2024, less than three weeks after the Notice was filed. ECF No. 7; *see also Busby*, 759 F. Supp. 2d at 87 (stating that plaintiff was not prejudiced where she filed a Motion to Remand within thirty days of the Notice of Removal). AIG states that even so, on November 12, 2024, it sent a copy of the Notice to Springstun via mail. ECF No. 17 at 9. Springstun received notice of the removal, and he has not been prejudiced by any error he alleges. Springstun's Motion to Remand should be denied.

### 4. *Motion to Dismiss Legal Standards*

AIG argues in part that the Springstun does not have standing to bring suit in this case. A court may dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Federal courts' subject matter jurisdiction extends "only to 'Cases' and 'Controversies.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016) (quoting U.S. Const. art. III, § 2). Constitutional "[s]tanding to sue is a doctrine rooted in the traditional understanding of a case or controversy" and is an "essential component[] of federal subject matter jurisdiction [that] can be raised at any time by either party or the court." *Id.* at 338. The elements of constitutional standing are that the plaintiff: "(1)

suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* The party asserting jurisdiction has the burden to prove by a preponderance of the evidence that the court has subject matter jurisdiction. *In re S. Recycling, L.L.C.*, 982 F.3d 374, 379 (5th Cir. 2020).

AIG also moves to dismiss for failure to state a claim. Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Courts accept "all well-pleaded facts as true" and "view[] them in the light most favorable to the plaintiff." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To survive a motion to dismiss, the plaintiff must have pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]" *Twombly*, 550 U.S. at 556. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Allen*, 907 F.3d at 177 (quoting *Twombly*, 550 U.S. at 555).

The court liberally construes pro se pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless doing so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.").

### 5. Analysis

As an initial matter, Springstun and AIG agree that AIG is Western World's parent corporation. ECF No. 1-2 at 1; ECF No. 4 at 4. The Wharf's insurance policy was issued by Western World, not AIG. Insurance Policy, ECF No. 4-1 at 6. It is generally the case that a parent corporation is a distinct legal entity from its subsidiary. *Salomon v. Kroenke Sports & Ent., L.L.C.*, 841 F. App'x 737, 738 (5th Cir. 2021). "It is [also] a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation . . . is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (citing a secondary source).

Springstun argues that AIG is the correct defendant in this case because AIG managed Western World's claim processing and was the primary correspondent on Springstun's claims. ECF No. 13 at 3–5; ECF No. 20 at 1–2. Thus, according to Springstun, AIG acted as an insurer or as an agent to Western World and may be subject to liability under the Texas Insurance Code. ECF No. 13 at 13–14.

Springstun argues that AIG is required to settle claims under the Wharf's insurance policy. ECF No. 1-2 at 10. Springstun

states that AIG failed to honor the insurance policy and handled his insurance claims in bad faith. *Id.* at 3, 10. But, as Springstun appears to acknowledge, AIG is not a party to the insurance contract. *Id.* at 10 (stating that AIG "encompass[es] the insurance entities responsible for administering and honoring claims" under the Wharf's policy).

Springstun has not alleged sufficient facts to hold AIG liable for the contractual obligations or actions of Western World as to any of his claims.[2] "[A] party generally must be a party to a contract before it can be held liable for a breach of the contract." *Ibe v. Jones*, 836 F.3d 516, 524 (5th Cir. 2016) (quoting *Hoffman v. AmericaHomeKey*, Inc., 23 F. Supp. 3d 734, 739 (N.D. Tex. 2014)). Communicating with an AIG representative about Springstun's claim is insufficient to allege that AIG undertook any obligations under the insurance contract or that AIG is liable for any of Western World's actions. Springstun also repeatedly states that his underlying insurance claims are based on the conduct of "the insured." *See, e.g.,* ECF No. 1-2 at 1 (the Wharf is the "entity related to the Plaintiff's claims"); *id.* at 2 ("behavior by the Defendant's insured"); *id.* at 3–9 (complaints related to actions by the Wharf and its board members). As such, Springstun has failed

---

[2] Neither party addresses whether AIG may be liable under a corporate veil-piercing theory. The court notes that, in any event, Springstun has not alleged facts sufficient to pierce the corporate veil between AIG and Western World. Under Texas's choice-of-law rules, whether a corporation may be held liable pursuant to a veil-piercing theory is determined by the law of the state in which the entity is organized. *Sterett Equip. Co., LLC v. PH Steel, Inc.*, No. 22-CV-476, 2024 WL 1179788 (E.D. Tex. Mar. 19, 2024). AIG states that it is a Delaware corporation. ECF No. 1 at 2. Under Delaware law, a parent company may be liable for the acts of a subsidiary under an agency theory based on the amount of control exercised by the parent, the arrangement between the companies, and the authority given in the arrangement. *Chrysler Corp. v. Chaplake Holdings, Ltd.*, 822 A.2d 1024, 1035 (Del. 2003). Springstun has not alleged any such facts that could pierce the veil between Western World and AIG.

to state a claim upon which relief may be granted as to any of his claims.

Even if Springstun had alleged sufficient facts to show that AIG is a party to the Wharf's insurance contract or to pierce the corporate veil between Western World and AIG, he would not have standing to bring the claims he alleges against AIG. The general rule in Texas is that a third-party plaintiff (such as Springstun) may not sue the defendant's insurer (such as Western World) in contract or in tort if the plaintiff has obtained neither a judgment nor an agreement establishing the insured-defendant's liability (the no-direct-action rule). *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 312 (5th Cir. 2021). "[S]everal Texas courts of appeals have held that the no-direct-action rule is jurisdictional because there is no justiciable controversy between the third-party plaintiff and the insurer without a judgment or agreement establishing the insured–defendant's liability." *Id.* at 309.

Springstun argues that there is an exception to the no-direct-action rule when an entity substantively engages in claims handling or negotiates a settlement. ECF No. 13 at 5–6, 8. According to Springstun, AIG waived the no-direct-action rule and is estopped from asserting it. *Id.* Springstun did not cite any authority for this proposition, and the court is unaware of any authority holding that such an exception exists. At least one court has stated that the no-direct-action rule is "rigorously enforced" and that courts have consistently refused to make exceptions to the rule based on types of claims or status of the parties. *In re Geico Cnty. Mut. Ins. Co.*, No. 22-01164, 2022 WL 17843869, at *3 (Tex. App.—Dallas Dec. 22, 2022, no pet.). Springstun does not allege any prior judgment or agreement establishing the Wharf's liability. Thus, even if AIG were the correct party to this suit,

Springstun would not have standing to bring his claims against AIG.

Springstun's claims for alleged statutory violations of the Texas Insurance Code, and the DTPA's tie-in provisions, Chapter 17.46(b) of the Texas Business and Commerce Code, are similarly barred. Where the injured party is not a party to the insurance policy, that party is a third-party claimant. "Third-party claimants lack standing to assert direct claims against an insurance company for violations of Texas Insurance Code." *Bunker Sawmill, LLC v. Estate of Allgor*, No. 22-457, 2022 WL 20452744, at *2 (S.D. Tex. Nov. 15, 2022) (quoting *Travelers Lloyds Ins. Co. v. Cruz Contracting of Tex., LLC*, No. 16-759, 2017 WL 5202890, at *4 (W.D. Tex. Mar. 17, 2017)). Thus, because Springstun is not a party to the insurance policy, he cannot bring statutory claims against the insurer. *Cf. Bunker Sawmill*, 2022 WL 20452744, at *2 (barring Texas Insurance Code and DTPA claims because liability had not yet been established).

As to Springstun's remaining common law claims, he does not allege any relevant acts by AIG. Springstun's claims arise out of conduct by the Wharf or its board members, and Springstun does not state a claim against AIG for those claims. *See, e.g.,* ECF No. 1-2 at 2 (stating that the Wharf or its board members sent defamatory communications and harassed Springstun). AIG's Motion to Dismiss, ECF No. 4, should be granted.

"Dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (quoting *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)). If the plaintiff seeks leave to amend, he "must give the court at least some notice of what . . . [the] amendments would be and how those amendments would cure the initial complaint's defects." *Scott v.*

*U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (citation omitted). The court may deny leave "[i]f the plaintiff does not provide a copy of the amended complaint [or] explain how the defects could be cured[.]" *Id.* (citation omitted). The court may also deny leave to amend when amendment would be futile or when the plaintiff chooses to stand on her complaint and argues that it satisfies the pleading requirements. *See Khoury v. Thota*, No. 20-20578, 2021 WL 3919248, at *4 (5th Cir. 2021) (affirming the district court's denial of leave to amend when the plaintiff chose to stand on his complaint and argued that it satisfied the pleading requirements); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (discussing futility of amendment as justification for denying leave to amend).

Springstun has not requested leave to amend, but he states that he "remains open to adding Western World as an additional party" if necessary. ECF No. 13 at 12. As discussed above, even if Springstun added Western World as a party, his claims would be barred. Moreover, Springstun has filed approximately 400 pages in support of his claims. *See* ECF Nos. 1-2, 13, 20. His responsive filings do not show that he can overcome the deficiencies AIG identified. The court is unaware of any facts that Springstun could state that would support any cause of action against AIG. Granting leave to amend, therefore, would be futile and the court declines to do so.

### 6. Conclusion

The court recommends that Defendant's Motion to Dismiss, ECF No. 4, be **GRANTED** and Plaintiff's Motions to Remand, ECF Nos. 7 and 14, be **DENIED**. Plaintiff's Motion to Strike, ECF No. 18, is **DENIED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. See *Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on May 2, 2025.

Peter Bray
United States Magistrate Judge